## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

**IN RE:**

**TIMOTHY SPARKS**                                                        **CASE NO. 07-50293**
**LORRAINE SPARKS**

**DEBTORS**

## ORDER

This matter is before the court for confirmation of the Debtors' second amended

Chapter 13 plan (Doc. 38) and to consider the Objection to Confirmation and

Supplemental Objection filed by creditor ABN AMRO Mortgage Group, Inc. ("ABN

AMRO") (Docs. 46 and 62).  The Amended Trustee's Report and Recommendation as

to Confirmation (Doc. 47), filed of record on July 26, 2007, stated that, at that time, the

Trustee did not recommend confirmation as the Debtors were three (3) months past

due on their plan payments and there was a pending objection to confirmation from

ABN AMRO.  The court held a continued confirmation hearing on September 6, 2007 at

which time the Chapter 13 Trustee advised the court that the Debtors had become

current on their plan payments through September 17, 2007 and, accordingly,

confirmation was now recommended by the Trustee, subject to the objection of ABN

AMRO.  The court has considered the statements of counsel and of the Chapter 13

Trustee made at the confirmation hearing, and having considered ABN AMRO's

objection, the Debtors' second amended plan and the record as a whole, and being

sufficiently advised, **HEREBY ORDERS AS FOLLOWS:**

The objection of ABN AMRO to confirmation of the Debtors' second amended Chapter 13 plan on grounds that the plan attempts to improperly avoid an alleged lien of ABN AMRO in the Debtors' mobile home is **OVERRULED.** The court has reviewed ABN AMRO's mortgage, which the creditor argues is the basis for its alleged interest in the mobile home, and finds no language in the instrument that could reasonably be construed as conveying any security interest in the Debtors' mobile home to ABN AMRO. The Debtors, through counsel, acknowledged that ABN AMRO does in fact hold a valid mortgage against the real property only, for which ABN AMRO shall be treated as secured to the extent of $7,500.00 pursuant to the terms of the second amended plan. That ABN AMRO lacks a secured interest in the Debtors' mobile home is further supported by the lack of any evidence of record reflecting any lien notation on the mobile home's certificate of title or of any recorded affidavit converting the subject mobile home to real estate that would be covered by ABN AMRO's valid mortgage. *See* **PHH Mortgage Services v. Higgason**, 345 B.R. 584 (E.D.Ky. 2006) (holding that under Kentucky law, notation on the certificate of title is the sole means of perfecting a lien on a mobile or manufactured home to the extent that the mobile home has not been converted to real estate under KRS 186A.297). An objection to Debtors' second amended plan on grounds that the plan seeks to improperly avoid a lien of ABN AMRO is simply not supported by the record.

As the Trustee represented at the September 6, 2007 confirmation hearing that the second amended plan, having been filed and served by the Debtors on all creditors, otherwise meets all other requirements for confirmation, **THE SECOND AMENDED CHAPTER 13 PLAN IS CONFIRMED.**

Copies to:

Michael E. Plummer, Esq.
Erica Galyon, Esq.
Beverly M. Burden, Trustee, Esq., who, pursuant to Local Rule 9022-1(c), shall cause a copy of this order to be served on each of the parties designated to receive this order pursuant to Local Rule 90122-1(a) and who shall file with the court a certificate of service of the order upon such parties within ten (10) days hereof.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Monday, September 24, 2007**
**(jms)**